# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2867

_____

Karen Esther Williams,      *
     *
          Appellee,      *    Appeal from the United States
     *    District Court for the
     v.          *    District of Nebraska.
     *
KETV,      *      [UNPUBLISHED]
     *
          Appellant.      *

_____

Submitted: May 16, 2002
Filed: June 13, 2002 (Corrected August 19, 2002)

_____

Before BOWMAN, MAGILL, and BYE, Circuit Judges.

_____

PER CURIAM.

KETV appeals the district court's[1] June 29, 2001, judgment in favor of Karen Williams based on her employment discrimination claims under Title VII and the Nebraska Fair Employment Practices Act. KETV also appeals the district court's award of attorney's fees. For the reasons stated below, we affirm.

Williams, an African-American female, has been a part-time Production

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Assistant at KETV since August 6, 1979. On or about January 15, 1996, Williams began reporting directly to Jerry Olsen, the Operations Manager for KETV and immediate supervisor of all production employees. On May 28, 1998, Williams left work at least one-half hour early to attend the funeral of a co-worker's mother. Before leaving work, Williams notified the director and supervisor on duty of her plans to attend the funeral. She did so by posting a note on Olsen's door the morning of the funeral informing him of her plans. Williams did not obtain express permission from Olsen before leaving work. As a result, on June 2, 1998, Olsen gave Williams a "final" warning for leaving work early without permission. After receiving the warning, Williams filed a claim of discrimination with the EEOC and the NEOC alleging, <u>inter alia</u>, that she was being discriminated against in regard to discipline. In particular, Williams alleged that Tom Johnson, a Caucasian Production Assistant, was not disciplined for leaving work early to attend his son's awards breakfast and that this conduct amounts to discrimination because she was disciplined more harshly than her non-African-American co-worker.

After going through the necessary administrative procedures, this case came to federal district court in the spring of 2000. Shortly thereafter, KETV moved for summary judgment on all claims, and on June 23, 2000, the district court entered an order granting partial summary judgment in favor of KETV on some of Williams's charges. The remaining claims were tried to the court from October 10 through October 18, 2000. At the close of Williams's case-in-chief, the district court entered judgment as a matter of law in favor of KETV on one of Williams's claims.

On December 27, 2000, the district court issued its Memorandum of Decision in which it found in favor of KETV on all remaining claims (seven in total) except one. The district court found that KETV discriminated against Williams because of her race based on the incident where it issued a warning to Williams for leaving work early, but not to Johnson for doing the same. With respect to this claim, the district court awarded Williams damages in the amount of $1000 for emotional distress. The court also awarded Williams attorney's fees in the amount of $38,040.93.

In reviewing a district court's order entering judgment after a bench trial, we review the district court's findings for clear error and its conclusions of law de novo. Spinden v. GS Roofing Prods. Co., 94 F.3d 421, 426 (8th Cir. 1996). In applying this standard, we will not overturn a finding of fact if that fact is supported by substantial evidence, if it is based on a correct view of the law, or unless this court is firmly convinced that an error has been made. Sawheny v. Pioneer Hi-Bred Int'l, Inc., 93 F.3d 1401, 1407-08 (8th Cir. 1996).

KETV's primary argument is that the district court erred in finding that Williams established a prima facie case of disparate treatment based on race discrimination. In order to do so a plaintiff must prove that: (1) she is a member of a protected class; (2) she was qualified to perform her duties; (3) she suffered an adverse employment action; and (4) members of other racial groups were treated more favorably in similar situations. Clearwater v. Indep. Sch. Dist. Number 166, 231 F.3d 1122, 1127 (8th Cir. 2000). KETV argues that the district court's analysis regarding prong four was erroneous and that Williams failed to show that she was similarly situated in all material respects.

In arguing its position, KETV repeatedly asserts facts that are not supported by either the record or the district court's factual conclusions. In particular, KETV asserts that "Olsen [gave] Johnson permission to go to the awards breakfast." However, the district court expressly found otherwise and the record does not support KETV's assertion. In light of this fact, this court should not overturn this factual finding because it does not appear that the district court's conclusion is clearly erroneous.

The only fact that may distinguish the Johnson and Williams situations is the potential absence of any "meaningful advance notice" on the part of Williams. However, the district court found this fact to be immaterial because in its judgment Williams "followed the same basic procedure before leaving that Tom Johnson did." As the district court noted, neither party was given express permission by Olsen to

leave work early, but only Williams was disciplined for doing so. The fact that Johnson told Olsen that he was going to be absent from work three days before he was going to miss work is irrelevant because Olsen never expressly told Johnson he could leave work early. The notice issue becomes irrelevant unless we assume that Olsen implicitly gave Johnson permission to be absent from work. Such an assumption, however, would be error because absent any express indication on the part of Olsen to allow Johnson to go, this court should not infer such action where the district court expressly found otherwise. Therefore, the number of days of advance notice is irrelevant because neither party was told they could leave work early, but only one party, Williams, was disciplined for doing so. Thus, KETV's argument misses the mark because they rely on a critical fact that the district court expressly found not to have existed: Olsen's express permission.

KETV also argues that the district court's award of attorney's fees was an abuse of discretion or, in the alternative, was not reasonable. We review such awards for an abuse of discretion and "give great deference to the district courts on fee matters having to do with services performed before them." Griffin v. Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999). This is so because "[t]hose courts are necessarily more familiar than we are with the members of their own bar and with the course of litigation before them." Id. After careful examination of the record, we conclude that the district court did not abuse its discretion in awarding approximately $38,000 in attorney's fees to Williams. Also, we believe that the sum awarded, although greater than the amount awarded to Williams, was reasonable when one views the case in its entirety.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.